

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00136-CV

IN THE MATTER OF THE MARRIAGE OF TERRI F. ADAMS AND TERRY R. ADAMS

On Appeal from the County Court at Law No. 1
Lubbock County, Texas
Trial Court No. 2016-523,388, Honorable Mark Hocker, Presiding

May 6, 2019

MEMORANDUM OPINION

Before CAMPBELL and PIRTLE and PARKER, JJ.

Appellant Terry R. Adams, appearing pro se, attempts to appeal (1) the trial court's "Agreed Order on Motion to Enforce Agreed Final Decree of Divorce & Order Clarifying Final Decree of Divorce" and (2) the "Notice of Nonsuit of Motion to Enforce Protective Order" filed by appellee, Terri F. Adams. We dismiss the appeal for want of jurisdiction.

The agreed order enforcing and clarifying the divorce decree was signed by the trial court in January 2019, but does not show the day of signing. Because Adams did not file any timely post-judgment motions that extended the notice of appeal deadline, his notice of appeal was due thirty days after the order was signed. *See* TEX. R. APP. P. 26.1(a). Assuming the trial court signed the order on the last day of January 2019, Adams's notice of appeal was due, at the latest, by March 4, 2019. *See* TEX. R. APP. P.

26.1, 4.1(a). This deadline could have been extended by fifteen days to March 19 had Adams filed his notice of appeal and a motion for an extension of time by that date. *See* TEX. R. APP. P. 26.3. *See also Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (implying a motion for extension when an appellant tenders a notice of appeal within fifteen days after the notice deadline). Adams did not file a notice of appeal until April 8, 2019. *See* TEX. R. APP. P. 9.2(b) (mailbox rule).

By letter of April 12, 2019, we notified Adams that his notice of appeal appeared to have been filed untimely and directed him to file a response showing grounds for continuing the appeal or the appeal would be dismissed for want of jurisdiction. Adams filed a response but failed to demonstrate grounds for continuing the appeal. A timely-filed notice of appeal is required to invoke this court's appellate jurisdiction. *See* TEX. R. APP. P. 25.1(b), 26.1; *Verburgt*, 959 S.W.2d at 617. Because Adams's notice of appeal was not timely filed, we must dismiss the appeal.

As for Adams's appeal from the notice of nonsuit, our jurisdiction is dependent upon the existence of a final judgment or appealable order. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Stary v. DeBord*, 967 S.W.2d 352, 352-53 (Tex. 1998) (per curiam). Because a notice of nonsuit is not a judgment or appealable order of the trial court, we lack jurisdiction over the appeal.

Accordingly, the appeal is dismissed for want of jurisdiction. TEX. R. APP. P. 42.3(a).

Per Curiam